IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alfa Nohemi Chavez Alvarez,<br>Jaime Misael Ramirez Ambrosio,<br>D.R.C.,<br>J.R.C<br><br>      Plaintiff,<br><br>  v.<br><br>Kristi Noem, Secretary, U.S. Dept. of<br>Homeland Security, et al.<br><br>      Defendants. | Case No. 25 cv 11853<br><br>Honorable Sunil R. Harjani |

**ORDER**

  Petitioners have filed a petition for habeas corpus [1] and move for a temporary restraining order [2]. Petitioners contend that they have been unlawfully subjected to immigration detention in violation of the Immigration and Nationality Act (Count I) and their due process rights under the Fifth Amendment to the United States Constitution (Count II). The petition seeks release from custody, or in the alternative, for the government to show cause why their petition should not be granted. The petition was filed on September 29, 2025, presented to the emergency judge, and seeks emergency relief in the form of release from detention, or in the alternative, for the government to show cause why the petition should not be granted.

  Given the complex legal issues raised in a habeas petition on an immigration matter, the Court finds that proper evaluation of the underlying merits requires a response from the government. Where, as here, an issue is not "easy to evaluate in haste," a court may order an "administrative stay," which allows time for briefing and "buys the court time to deliberate." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). Administrative stays "freeze legal proceedings until the court can rule on a party's request for expedited relief." *Id.* (quoting R. Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1942 (2022)). They "do not typically reflect the court's consideration of the merits[.]" *Id.*; *see also June Med. Servs., L.L.C. v. Gee*, 139 S. Ct. 661 (2019) (ordering administrative stay to allow the Justices time to review filings). In a dissent in *United States v. Texas*, Justice Sotomayor, with whom Justice Jackson joined, provided two factors a court should consider when issuing an administrative stay: "administrative relief should (1) maintain the status quo and (2) be time limited." 144 S. Ct. at 802 (Sotomayor, J., dissenting). Although the concurring opinion noted that maintaining the status quo can be a "tricky metric," *id.* at 798 n.2 (Barrett, J., concurring), it similarly cautioned that an "administrative stay should last no longer than necessary to make an intelligent decision[.]" *Id.* at 799.

District courts have discussed these two factors when ordering administrative stays. *See, e.g.*, *S. L. V. v. Rosen*, 2021 WL 243442, at *7–8 (W.D. Tex. Jan. 25, 2021); *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 763 F. Supp. 3d 13, 16–17 (D.D.C. 2025). District courts have also ordered administrative stays in cases involving emergency relief. *See, e.g.*, *S. L. V. v. Rosen*, 2021 WL 243442, at *6–8 (discussing administrative order to stay removal of plaintiffs and compiling cases); *Vijender v. Wolf*, 2020 WL 1935556, at *1 (D.D.C. Apr. 22, 2020) (noting court had granted a "temporary stay of removal" and "directed the parties to submit expedited briefing regarding the court's jurisdiction over the matter"); *see also Leuthavone v. Salisbury*, 2025 WL 1135588, at *2 (D.R.I. Apr. 17, 2025) (granting temporary stay of removal to "maintain the status quo and preserve the Court's ability to adjudicate" plaintiff's § 2254 habeas petition); *Nat'l Council of Nonprofits*, 763 F. Supp. 3d at 16–17 (discussing the use of administrative stays in cases involving the Administrative Procedure Act).

Courts have recognized that the authority to enter an administrative stay comes from the All Writs Act, 28 U.S.C. § 1651, and a court's inherent authority to manage its docket. *See United States v. Texas*, 144 S. Ct. at 798 n.1 (Barrett, J., concurring). Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *see also In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1259 (7th Cir. 1980) (observing that the All Writs Act "empowers Federal Courts to enter such writs as are necessary to preserve the jurisdiction of the Court"). The Court also notes that in a different context, the Supreme Court has found that a "District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947).

Here, the Court exercises its discretion to issue this Order and enter an administrative stay. Petitioners filed an emergency application to this Court, and the government has not had time to respond to the petition or the motion for temporary restraining order. Moreover, there is a possibility that the government may remove the petitioners from the United States in the interim, which could moot the current proceedings without such an administrative stay. As represented by the government, there is also the possibility that the government will move the petitioners out of the Northern District of Illinois in the interim, which would disrupt the status quo while the motion for a temporary restraining order is being considered. All of these reasons counsel for an administrative stay.

This order does not reflect the Court's view on the merits of Petitioner's claims. Rather, this stay is intended to preserve the status quo (*i.e.* petitioners' presence in the United States and in the Northern District of Illinois) as well as this Court's jurisdiction, allow the assigned district judge time to review the petition and for the government to prepare a written response, and provide an opportunity for the district judge to hear the matter at the next available hearing date. The Court is cognizant that such a stay impacts executive action, so the stay is limited in duration to allow time for briefing and a hearing.

**It is hereby ORDERED that, unless otherwise directed by this Court, Respondents shall not transfer Petitioners from the Northern District of Illinois, nor remove them from the jurisdiction of the United States, starting at 7:50 p.m. Central Standard Time on September 29, 2025 through October 6, 2025.** *See, e.g.*, Order, *Westley v. Harper*, No. 25-cv-229 (E.D. La. Feb. 1, 2025) (granting temporary restraining order to restrain respondents from removing petitioner to a location outside of the district or from the United States); Order, *Sillah v. Barr*, No. 19-cv-1747, (S.D.N.Y. Feb. 25, 2019) (restraining respondents from transferring petitioner from the New York City area pending consideration of his habeas petition).

Petitioners' counsel has requested the government's assistance in communicating with their clients, and the government has agreed to facilitate that communication. Petitioners' counsel and the government shall determine whether the minor children can be released from custody to a family member or other caretaker in the interim. In the event that is not possible, the government is ordered to keep the two children together with at least one parent during this interim period. The parties may return to this Court for modification of this order or further relief, if necessary.

This matter has been assigned to a district judge who will oversee the remainder of the case. The Court sets this matter for October 6, 2025 at 9:30 a.m. for an in-person hearing with the assigned district judge. The government's memorandum in response to the motion for a temporary restraining order is due on October 3, 2025. Any of the time periods or deadlines herein may be shortened or extended as justice requires or as may otherwise be appropriate by further order of the Court.

**SO ORDERED.**

Dated: September 29, 2025

_____
Sunil R. Harjani
United States District Judge