UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAIME MISAEL RAMIREZ AMBROSIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00514-JPH-MG |
| ) | |
| KRISTI NOEM, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Jaime Misael Ramirez Ambrocio[1] is detained in the Clay County Jail at the direction of the U.S. Department of Homeland Security ("DHS"). He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his detention is unlawful and asking the Court to order his release or, alternatively, order DHS to give him a bond hearing pursuant to 8 U.S.C. § 1226 and accompanying regulations. The Petition is **granted** to the extent that the respondents have **through 12:00 p.m. on November 21, 2025**, to either: (a) certify that Mr. Ramirez Ambrocio has been released from custody; or (b) supplement the record with evidence that an immigration officer has (i) considered whether the statements submitted by Mr. Ramirez Ambrocio's counsel, dkt. 33-1 at 109-110, warrant reconsideration of the determination to reinstate the removal order counsel, as required by 8 C.F.R. § 241.8(b); and (ii)

---

[1] The **clerk is directed** to change the spelling of the petitioner's name on the docket from "Ambrosio" to "Ambrocio." Dkt. 34 at 1, n.1.

determined that Mr. Ramirez Ambrocio is subject to removal through reinstatement of the prior order, as required by the Form I-871.

## I. Facts

In 2003, Mr. Ramirez Ambrocio, a Guatemalan national, was determined to be in the United States unlawfully. He was given an A-number ending in -399. An Immigration Judge ordered him removed from the United States and he was removed in May 2003. Dkt. 33-2 at 9-12.

In 2013, Mr. Ramirez Ambrocio unlawfully entered the United States again. He was served with a Form I-871 Notice of Intent/Decision to Reinstate Prior Removal Order ("Form I-871") and was removed from the United States pursuant to that order.

In 2014, Mr. Ramirez Ambrocio unlawfully entered the United States again. This time, he was criminally charged with illegal reentry in the United States District Court for the District of Arizona. He was sentenced to and served a short time in prison and thereafter was removed from the United States pursuant to the removal order.

In December 2023, Mr. Ramirez Ambrocio once again unlawfully entered the United States. This time, DHS Personnel assigned him a new A-number, ending in -413, and initiated a new removal proceeding against him by serving him with a Notice to Appear pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Dkt. 33-1 at 123. Dkt. 33-1 at 123.

The reason why DHS assigned Mr. Ramirez Ambrocio a new A-number and initiated a new removal proceeding is disputed. Respondents argue that Mr.

Ramirez Ambrocio gave a different middle name, which caused them to not find his existing A-number and order of removal. Mr. Ramirez Ambrocio attests that he provided his complete and accurate name and informed the officers that the had previously been removed pursuant to a removal order. Regardless, the Notice to Appear issued upon his reentry in 2023 has his name as Jaime *Misael* Ramirez Ambrocio and an A-number ending in -413, while the order of removal from 2003 has his name as Jaime *Miguel* Ramirez Ambrocio with an A-number ending in -399.

On September 28, 2025, U.S. Immigration and Customs Enforcement officers arrested Mr. Ramirez Ambrocio, and he has remained in ICE custody.

On October 3, DHS initiated the process of reinstating the previously issued removal order. Two copies of the Form I-871 are in the record. Both are signed by Deportation Officer Justin Decker, and inform Mr. Ramirez Ambrocio that he was previously removed pursuant to a removal order, that he re-entered the United States unlawfully in 2023, that he is subject to removal by reinstatement of a prior removal order, and that he has a right to make a statement challenging that decision. Dkt. 33-1 at 106; dkt. 33-2 at 13.

The lower portion of the Form I-871 has two boxes, the first of which is for the alien to acknowledge receipt of the Notice and indicate whether he contests the determination. Both copies of the Form I-871 reflect that the notice was presented to Mr. Ramirez Ambrocio on October 6, 2025, and he refused to sign it. Dkt. 33-1 at 106; dkt. 33-2 at 13. The other box on the Form I-871 is for an authorized deciding official to sign, indicating that he has reviewed the available

evidence, the administrative file and any statements in rebuttal, and determined that the alien is subject to removal through reinstatement of the prior order. Dkt. 33-1 at 106; dkt. 33-2 at 13.

On one copy of the Form I-871, the box for the authorized official to sign is unsigned. Dkt. 33-1 at 106. On the other, it is electronically signed but dated October 4—before Mr. Ramirez Ambrocio was ever given notice of the reinstatement. Dkt. 33-2 at 13.

On October 9, Mr. Ramirez Ambrocio's attorney submitted a statement on his behalf setting forth the bases for contesting the Notice of Intent/Decision to Reinstate Prior Order. Dkt 33-1 at 108–10.

On October 19, an immigration judge granted the government's motion to dismiss the removal proceeding that was initiated in 2023 proceeding under an A-number ending in -413. Dkt. 33-1 at 43–46. Mr. Ramirez Ambrocio has moved to reconsider that ruling, and the motion remains pending. *Id.* at 2–18.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Mr. Ramirez Ambrocio contends that his detention is unlawful. First, he argues that Respondents cannot reinstate his removal order under 8 U.S.C. § 1231(a)(5) (in the case with the A-number ending in -399) because he is in "full removal proceedings" under 8 U.S.C. § 1229a (in the case the A-number ending in -413). And because detention under § 1229a is governed by § 1226, he is entitled to a bond hearing. Second, he argues that there is no valid reinstatement order in the case with the A-number ending in -399, so he cannot be detained under § 1231.

The respondents argue that Mr. Ramirez Ambrocio's detention is mandatory under 8 U.S.C. § 1231(a)(5) and (a)(2)(A) because his removal is based on reinstatement of the final removal order entered in the case with the A-number ending in -399, and the separate proceeding under the A-number ending in -413 has been dismissed.

### A.   Whether the "new" removal bars reinstatement of the removal order

Mr. Ramirez Ambrocio argues that DHS cannot reinstate the order of removal while his "new" removal proceeding, identified with the A-number ending in -413, is pending because removal proceedings, while ongoing, are the "sole and exclusive" means of ordering removal. Dkt. 34 at 5. Mr. Ramirez Ambrocio therefore asks the Court to find that he is subject to a pending removal proceeding, despite the immigration judge's order dismissing that case. Dkt. 33-1 at 43. He argues that the dismissal is not final because he has filed a motion to reconsider, which has not been resolved, and he still has time to appeal the dismissal to the Board of Immigration Appeals. As he sees it, the removal

5

proceeding remains pending, so § 1231 does not apply and he's entitled to a bond determination under § 1226(a). Dkt. 34 at 10–13. But if he is not part of an ongoing proceeding, § 1226(a) plainly does not apply, as he is not "pending a decision on" removal.

Mr. Ramirez Ambrocio relies on 8 U.S.C. § 1101(47), which states that an "order of deportation . . . shall become final" after it is affirmed by the BIA or the time to appeal to the BIA expires. But § 1101(47) refers only to an "order of deportation," which is an order "concluding that the alien is deportable or ordering deportation." *Id.* The removal proceeding Mr. Ramirez Ambrocio insists is ongoing did not produce an order concluding that he is deportable or ordering his deportation because the immigration judge dismissed the case before he rendered a decision. Section 1101(47) is therefore inapplicable to this case, and no authority supports Mr. Ramirez Ambrocio's position that he is subject to an ongoing removal proceeding. As a result, there is no basis for this Court to order a bond hearing under § 1226(a).

Even if Mr. Ramirez Ambrocio was subject to an ongoing removal proceeding under § 1229a because of his appeal of the order of dismissal, he has not shown that the existence of "full removal proceedings" under § 1229a bars DHS from reinstating an order of removal pursuant to 8 U.S.C. § 1231(a)(5). He does not cite any authority for the proposition that the initiation of full removal proceedings under § 1229a "precluded DHS from reinstating Mr. Ramirez Ambrocio's prior order of removal," dkt. 34 at 5. Mr. Ramirez Ambrocio argues that because ongoing removal proceedings under 8 U.S.C. § 1229a are the "sole

6

and exclusive" means of ordering removal, Respondents cannot reinstate the prior order of removal. The full context of the statute where that phrase appears states:

> Unless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. Nothing in this section shall affect proceedings conducted pursuant to section 1228 of this title.

8 U.S.C. § 1229a(a)(3). Section 1229a does not say that it displaces an existing order of removal or supersedes the reinstatement of removal order process, and nothing in its text, structure, or context suggests that it does.

The Immigration and Naturalization Act directs the Attorney General to reinstate a removal order upon finding that an alien subject to an order has re-entered the United States unlawfully:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is *reinstated from its original date and is not subject to being reopened or reviewed*, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).

The statute does not say that an existing removal order is displaced by § 1229a or that the process of reinstatement of a removal order under § 1231(a)(5) is superseded by § 1229a, and nothing in its text, structure, or context suggests that's the case. Moreover, the purpose of this statute is "to expedite the re-removal of a person who returns without permission after being removed." *Cordova-Soto v. Holder*, 732 F.3d 789, 794 (7th Cir. 2013) (quoting *Tapia–Lemos*

*v. Holder,* 696 F.3d 687, 690 (7th Cir. 2012)). And the Seventh Circuit has held that an underlying order of removal may not be collaterally attacked while the reinstatement order is under review. *Id.* This too supports the conclusion that initiation of a full removal proceeding under § 1229a does not displace an existing removal order or supersede application of § 1231(a)(5).

Moreover, § 1231(a)(5) provides that the prior order of removal is "reinstated from its original date and is not subject to being reopened or reviewed." Here, that means the 2003 removal order is reinstated from when it was originally entered and not subject to review. This too weighs in favor of concluding that the "new" full removal proceeding instituted in 2023 under § 1229a does not preclude reinstatement of the removal order from 2003.

As the Petitioner, Mr. Ramirez Ambrocio bears the burden of showing that his detention is unlawful. He has not shown that is the case with his argument that on these facts, the initiation of a removal proceeding in 2023 under § 1229a precludes reinstatement of a removal order entered in 2003 under § 1231(a)(5). And reinstatement of a removal order under § 1231(a)(5) triggers mandatory detention under § 1231(a)(2), so he has not shown that he's entitled to a bond hearing under § 1226(a).

> **B. Whether DHS has completed the process to reinstate a removal order**

As discussed above, 8 U.S.C. § 1231(a)(5) governs the reinstatement of removal orders. The process for reinstatement of a removal order is set forth at 8 C.F.R. § 241.8. The immigration officer must (1) determine whether the alien has been subject to a prior order of removal; (2) verify that the alien is an alien

8

who was previously removed; and (3) determine whether the alien unlawfully reentered the United States. 8 C.F.R. § 241.8(a). The regulations specify that if these requirements are met, "the alien shall be removed under the previous order of . . . removal in accordance with section 241(a)(5) of the Act." 8 C.F.R. § 241.8(c). Here, there's no dispute that the requirements of § 241.8(a) are met—Mr. Ramirez Ambrocio is subject to a final order of removal, was removed, and unlawfully reentered the United States.

The next step under § 241.8 is for the immigration officer to notify the alien of his determination that the alien is subject to removal pursuant to reinstatement of a removal order and advise the alien of his right to "make a written or oral statement contesting the determination." 8 C.F.R. § 241.8(b). Here, there's no dispute that this step was done. Mr. Ramirez Ambrocio's counsel filed a statement on his behalf contesting the determination. Dkt. 33-1 at 108-110. Under the last step of the reinstatement process, if the alien makes a statement contesting the determination, the immigration officer must "consider whether the alien's statement warrants reconsideration of the determination." *Id.*

Mr. Ramirez Ambrocio argues that his detention is unlawful because Respondents did not comply with the prescribed reinstatement process. First, the Form I-871 was not properly completed, so it cannot serve as the basis to reinstate the removal order. Next, the Form I-871 that is signed by an official in the lower box dated before Mr. Ramirez Ambrocio's counsel filed a statement on his behalf contesting the determination. From this, his counsel argues that the

Form I-871 was not legally operative and was entered in violation of agency regulations, and therefore is invalid.

Respondents insist that there is no basis for concluding that the reinstatement of removal order isn't valid. Dkt. 37. First, "the agency makes a decision and completes the form then provides notice of it to the noncitizen." *Id.* at 2. Second, "[b]y counsel, he has been heard and his arguments considered before the Immigration Judge and he has also, by counsel, filed a motion to reconsider the dismissal of his full removal proceedings." *Id.* This misses the point. Mr. Ramirez Ambrocio's argument is that DHS has not shown that it completed the last step of the reinstatement of removal process—an immigration officer "shall consider whether the alien's statement warrants reconsideration and determination." 8 C.F.R. § 241.8(b).

Here, the record shows that Mr. Ramirez Ambrocio's counsel made a statement contesting reinstatement of the removal order. Dkt. 33-1 at 108-110. What the record does not show is that an immigration officer considered whether that statement "warrants reconsideration of the determination" to reinstate the removal order. 8 C.F.R. § 241.8(b); dkt. 33-1 at 106 (lower box on Form I-871, "Decision, Order, and Officer's Certification", certifying that an "authorized deciding official" has "review[ed] all available evidence, the administrative file and *any statements made or submitted in rebuttal*" and "determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.") (emphasis added). Contrary to Respondents' argument, dkt. 37, this last step can only be completed *after* the

10

alien has been given the opportunity to "make a written or oral statement contesting the determination", 8 C.F.R. § 241.8(b).

Respondents are required to follow the process prescribed in 8 C.F.R. § 241.8 to reinstate an order of removal. *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002) ("[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests."). Here, for the reasons explained above, they did not do so. The Court therefore finds under the Administrative Procedure Act and the *Accardi* doctrine that the reinstatement of Mr. Ramirez Ambrocio's order of removal is contrary to law. *See* 5 U.S.C. § 706(2)(A) (court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954) ("We think the petition for habeas corpus charges the Attorney General with precisely what the regulations forbid him to do: dictating the Board's decision. [W]e object to the Board's alleged failure to exercise its own discretion, contrary to existing valid regulations."); *Samirah v. Holder*, 627 F.3d 652, 665–65 (7th Cir. 2010) (applying *Accardi*; finding that, after agency chose to limit its discretion through issuance of regulations, it was required to comply with those regulations).

The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). As discussed above, it's undisputed that the requirements of § 241.8(a) are met—Mr. Ramirez Ambrocio is subject to a final order of removal, was removed, and unlawfully reentered the

United States, so under 8 U.S.C. § 1231(a)(5), the order of removal may be reinstated against him. Therefore, the Court finds that it would not be in the interests of justice to order his immediate release. Instead, the Court will allow the government to supplement the record with evidence demonstrating that an immigration officer has (i) considered whether the statements submitted by Mr. Ramirez Ambrocio's counsel, dkt. 33-1 at 109-110, warrant reconsideration of the determination to reinstate the removal order counsel, as required by 8 C.F.R. § 241.8(b); and (ii) determined that Mr. Ramirez Ambrocio is subject to removal through reinstatement of the prior order, as required by the Form I-871. If it fails to do so within the time prescribed by the Court, they must release him from custody.

### III. Conclusion

Mr. Ramirez Ambrocio's amended petition for a writ of habeas corpus is **granted** to the extent that the respondents have **through 12:00 p.m. on November 21, 2025**, to either: (a) certify that Mr. Ramirez Ambrocio has been released from custody; or (b) supplement the record with evidence that an immigration officer has (i) considered whether the statements submitted by Mr. Ramirez Ambrocio's counsel, dkt. 33-1 at 109-110, warrant reconsideration of the determination to reinstate the removal order counsel, as required by 8 C.F.R. § 241.8(b); and (ii) determined that Mr. Ramirez Ambrocio is subject to removal through reinstatement of the prior order, as required by the Form I-871.

The **clerk is directed** to change the spelling of the petitioner's name on the docket from "Ambrosio" to "Ambrocio." Dkt. 34 at 1, n.1. The **clerk is further directed** to enter **final judgment**.

**SO ORDERED.**

Date: 11/19/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jess Hunter-Bowman
NATIONAL IMMIGRANT JUSTICE CENTER
jbowman@immigrantjustice.org

Craig Arthur Oswald
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604

Joshua Samuel Press
DOJ-USAO
Joshua.press@usdoj.gov

Charles Roth
National Immigrant Justice Center
111 West Jackson Blvd
Suite 800
Chicago, IL 60604

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

Keren Hart Zwick
National Immigrant Justice Center
kzwick@immigrantjustice.org